940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linzie GARDNER, Petitioner-Appellant,
v.
Gene BORGERT, Warden, Respondent-Appellee.
 No. 91-1250.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before MARTIN and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Linzie Gardner, a Michigan prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In 1964, a Washtenaw County (Michigan) jury convicted Gardner of first degree murder in violation of Mich.Comp.Laws Sec. 750.316. He was sentenced to life in prison. Gardner did not seek direct appeal of his conviction to the Michigan appellate courts; and his subsequent motion for delayed appeal was denied by both the Michigan Court of Appeals and the Michigan Supreme Court. In 1985, Gardner filed an unsuccessful motion for leave to file a motion for a new trial in the Michigan appellate courts raising both of the instant issues.
 
 
 3
 Thereafter, Gardner filed his habeas petition. He asserted that the trial court denied him due process: 1) when it improperly instructed the jury on intent, thus relieving the prosecution of the burden to prove all the elements of the crime; and 2) when it improperly instructed the jury that he bore the burden of proving intoxication as a defense.
 
 
 4
 After a review of the magistrate's report and recommendation in light of Gardner's objections, the district court adopted the magistrate's recommendation and dismissed the petition. The district court found that the instruction on intent was harmless error, although the trial court's instruction on that issue impermissibly shifted the burden of proof. The district court further found that the instruction on intoxication was not erroneous.
 
 
 5
 Upon review, we conclude that the trial court's jury instruction on intent was harmless error and that the instruction on intoxication was not erroneous. Although the jury instruction on intent impermissibly shifted the burden of proof on the issue of intent in violation of Sandstrom v. Montana, 442 U.S. 510 (1979), the instruction constituted harmless error under the standard set forth in Chapman v. California, 386 U.S. 18 (1967). See Yates v. Evatt, 111 S.Ct. 1884, 1893-94 (1991); Rose v. Clark, 478 U.S. 570, 582 (1986). After reviewing the instruction given and the evidence presented relevant to Gardner's intent, we are convinced that the jury considered the entire record, and that "the evidence ... is so overwhelming as to leave it beyond a reasonable doubt that the verdict would have been the same in the absence of the [unconstitutional instruction]." Yates, 111 S.Ct. at 1893-94. Moreover, a reading of the trial court's instruction on the issue of intoxication reveals that the jury was clearly told that intoxication could be a defense and that Gardner must be acquitted if the jury found that the effects of alcohol, marijuana, exhaustion, or any combination of them prevented Gardner from forming the specific intent necessary to commit murder. Thus, the instructions were not erroneous. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in the magistrate's report and recommendation filed April 6, 1990, as adopted by the district court's memorandum and order filed February 19, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.